IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| **DONGGUAN CHENG ONE CO., LTD.,** | CIVIL ACTION NO. |
| Plaintiff, | 1:24-CV-03388 |
| -against- | **ATTORNEY AFFIRMATION** |
| **DESEN INC.,** | |
| Defendant. | |

------------------------------------------------------------------------X

**STATE OF NEW YORK:**  }
                 **SS:**  }
**COUNTY OF QUEENS:**  }

    I, **ALEKSANDER B. MILCH, ESQ.**, an attorney duly admitted to practice law before the Southern District of New York, over the age of eighteen years old, and not a party to this action, make the following statement in support of this Order to Show Cause, which I affirm to be true under the penalties of perjury:

1. I am an attorney duly admitted to practice law before the Southern District of New York, and employed as an attorney with The Kasen and Liu Law Firm, PLLC ("Kasen").

2. I am fully familiar with the facts and circumstances of this case based on my review of the office file maintained by Kasen and my discussions with a representative of the defendant, Desen Inc., Mrs. Yangyang Wu.

3. Kasen represents the defendant, Desen Inc.**,** in this action, having been retained on or about February 17, 2025.

4. The instant action was initiated by the plaintiff, Dongguan Cheng One Co., Ltd., as against the defendant, seeking to recover damages for unpaid invoices for goods sold, namely articles of clothing, intended by defendant, Desen Inc., to be sold to retailers in the U.S.

## I. PROCEDURAL HISTORY

5. A copy of the complaint (CM/ECF Document 1) is attached hereto as Exhibit A.

6. A copy of the affidavit of service (CM/ECF Document 6) is attached hereto as Exhibit B.

7. Upon defendant's lack of appearance or response, and further process, the Court entered a judgment by default.

8. A copy of the judgment (CM/ECF Document 28) is attached hereto as Exhibit C.

## II. THE UNDERLYING ACTION

9. The underlying action is based on a series of invoices for the alleged balance due and owing corresponding to goods shipped by plaintiff to defendant. *See* Ex. A.

10. Plaintiff, Dongguan Cheng One Co., Ltd., located in The People's Republic of China, manufactures items of clothing, whereas Desen Inc. imports such goods, and then sells them to retail outlets in the U.S.

11. The causes of action asserted are breach of contract, *id*. ¶¶ 17-21; unjust enrichment, *id*. ¶¶ 22-27; and account stated, *id*., ¶¶ 28-38.

12. Venue of the Southern District of New York was chosen by plaintiff based on the presumed principal place of business of defendant in New York, New York, although the county reflected in Desen Inc.'s corporate registration and designated for service of process by the New York Secretary of State is Queens, which is within the Eastern District of New York. *See* Exhibit D.

## III. DESEN INC. SEEKS VACATUR OF THE ORDER AND JUDGMENT PURSUANT TO FRCP 60(b)(1) & (6).

13. Pursuant to FRCP 60(b)(1) &(6), Desen Inc. seeks vacatur of said judgment based on excusable default.

14. As set forth in the attached declarations of Yangyang Wu and Fei Xu, the complaint was not in fact received by Desen Inc.

15. If reopened, Desen Inc. presents a meritorious defense to the underlying action based on late shipment of the goods, contrary to the course of dealing between the parties. *See* Yangyang Wu Declaration ¶¶ 16-41.

**IV.    DESEN INC. DID NOT RECEIVE THE COMPLAINT.**

16. Plaintiff claims to have served the complaint via the New York Secretary of State. *See* Ex. B.

17. The address for service of process registered with the Secretary of State is 99-03 43rd Avenue, Corona, New York 11368, in the county of Queens, state of New York.

18. A copy of a current print out from the New York Secretary of State website, confirming that this is the service of process address is attached hereto as Ex. D.

19. Mrs. Wu avers in her declaration (*see* Wu Declaration ¶¶ 9-15) and Mr. Xu, in his declaration (*see* Xu Declaration) that the complaint was not in fact received.

20. Accordingly, it is respectfully submitted that cause for vacatur of the judgment based on FRCP 60(b)(1) & (6). *See* Memorandum of Law, Point I.

21. It is further respectfully submitted that the instant motion is submitted within a reasonable amount of time of the default. *Id.*

22. Desen Inc. retained Kasen on or about February 17, 2025.

23. Much of the delay since is therefore attributable to the undersigned and his workload, a significant portion of which has been devoted to representing detained immigrant asylum seekers in credible fear interviews, and subsequent process (credible fear review hearings before the Executive Office for Immigration Review, and Requests for Reconsideration before the Asylum Office of United States Citizenship and Immigration Services); briefing before the Board of Immigration Appeals; representing potential special immigrant juvenile candidates before the various counties of New York State Family Court, as well as managing most of the rest of Kasen's civil case docket.

24. I report to work on site six days per week, for twelve to sixteen consecutive hours per day, sleeping at my desk at least one night per week.

25. My system worked for several years, but now, I suddenly find myself overloaded, and am working with my office to find solutions.

26. Plaintiff's attorneys did reach out to advise that they sought to enforce the judgment, but I was nonetheless delayed as described. By supplemental submission, or upon inspection before the Court, I can present the full extent of the docket of cases with which I am charged.

V.    **DESEN INC.'S DEFENSE TO THE UNDERLYING ACTION.**

27. In Mrs. Wu's declaration, the key defense to this action is set forth, and that is, that the goods which correspond to the claimed balance were shipped in an untimely manner, contrary to the course of dealing between the two parties.

28. Time was of the essence in the transactions between plaintiff and defendant, with both sides aware that Desen Inc. expected to receive the goods manufactured and shipped by plaintiff, Dongguan Cheng One., Ltd., within thirty days of the planned shipping date, or x-factory date. *See* Wu Declaration ¶ 27.

29. As set forth at length by Mrs. Wu in her declaration, the goods, to which the alleged balance corresponds, were uniformly shipped late, thereby thwarting the business purposes of Desen Inc., and violating the course of dealing between the two parties. *See* Wu Declaration ¶¶ 21-38. *See also* Memorandum of Law, Point III.

30. In her declaration, Mrs. Wu cross-references the corresponding invoices (Exhibit E) and a spreadsheet tabulating the invoices and the corresponding progress of the shipments from departure from China, to arrival in the U.S. (Exhibit F).

## VI.     PROPOSED ANSWER TO THE COMPLAINT

31. Should this case be reopened, a proposed answer to the complaint is attached hereto as Exhibit G.

## VII.    THIS MOTION IS MADE ON AN EMERGENCY BASIS.

32. This motion is made without formal notice to plaintiff's attorneys because **DESEN INC.'s** bank account has been restrained. *See* Exhibit H. However, by previous email correspondence dated March 5, 2025 and March 21, 2025, I had generally advised plaintiff's attorneys that I intended to make the instant motion.

## VIII.   THE INJUNCTIVE RELIEF IN THE ORDER TO SHOW CAUSE IS WARRANTED

33. The injunctive relief in the Order to Show Cause is warranted because Desen Inc. has established a meritorious defense, which is likely to succeed, upon the reopening of this case; Desen, Inc. will suffer irreparable harm if its assets are seized pursuant to the restraint of its bank account; whereas plaintiff only stands to lose its costs in enforcing a judgment which it earned on default, and finally, the interests of justice are served through a reopening of this case because then a decision will be reached on the merits. Therefore the

four prongs of the test set forth in *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) are met. *See* Memorandum of Law, Point II.

### IX. NO PREVIOUS APPLICATION HAS BEEN MADE FOR THE RELIEF SOUGHT THROUGH THE INSTANT MOTION.

34. No previous application to this or any other court, agency, or tribunal has been made for the relief sought through the instant motion.

### X. RULE 11 CERTIFICATION

35. Under **FRCP 11**, by signing below, I certify to the best of my knowledge, information, and belief that this motion **(1)** is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; **(2)** is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and **(4)** the motion otherwise complies with the requirements of Rule 11.

### CONCLUSION

**WHEREFORE,** defendant, Desen Inc., respectfully requests that this Court vacate the judgment entered on January 22, 2025, reopen the proceedings of the instant action, accept the proposed answer attached hereto in such reopened proceedings, and granting such other and further relief, which as to this Court shall seem just, equitable, and proper.

Dated: Flushing, New York  
      May 12, 2025                                      Aleksander B. Milch, Esq.