IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| DONGGUAN CHENG ONE CO., LTD., | CIVIL ACTION NO. |
| Plaintiff, | 1:24-CV-03388 |
| -against- | |
| DESEN INC., | **MEMORANDUM OF LAW** |
| Defendant. | |

------------------------------------------------------------------------X

This memorandum of law is respectfully submitted pursuant to in support of defendant's motion by Order to Show Cause to vacate the judgment of this Court against the defendant, Desen Inc., dated January 22, 2025.

## **INTRODUCTION**

Pursuant to FRCP 60(b)(1) & (6), defendant, Desen Inc. respectfully moves to vacate the default judgment entered in this case, reopen the instant proceedings, and interpose the proposed answer attached hereto.

## **PROCEDURAL HISTORY**

A copy of the complaint (CM/ECF Document 1) is attached hereto as Exhibit A. A copy of the affidavit of service (CM/ECF Document 6) is attached hereto as Exhibit B. Upon defendant's lack of response, and further process, the Court entered a judgment by default. A copy of the judgment (CM/ECF Document 28) is attached hereto as Exhibit C.

## **THE UNDERLYING ACTION**

The underlying action is based on a series of invoices for the alleged balance due and owing corresponding to goods shipped by plaintiff to defendant. See Ex. A. Plaintiff, Dongguan Cheng One Co., Ltd., located in The People's Republic of China, manufactures items of clothing, whereas Desen Inc. imports such goods, and then sells them to retail outlets in the U.S. The causes of action

asserted are breach of contract, *id*. ¶¶ 17-21; unjust enrichment, *id*. ¶¶ 22-27; and account stated, *id*., ¶¶ 28-38.

Venue of the Southern District of New York was chosen by plaintiff based on the presumed principal place of business of defendant in New York, New York, although the county reflected in Desen Inc.'s corporate registration and designated for service of process by the New York Secretary of State is Queens, which is within the Eastern District of New York.

I. **IT IS RESPECTFULLY SUBMITTED THAT THE ORDER AND JUDGMENT AGAINST DESEN INC. SHOULD BE VACATED PURSUANT TO FRCP 60(b)(6).**

Pursuant to FRCP 60(b)(1)&(6), defendant, Desen Inc., seeks vacatur of the default judgment because it was *not* received, although presumably sent to the address designated for service of process by the New York Secretary of State. *See* Wu Declaration ¶¶ 9-15; *see generally* Xu Declaration.

Pursuant to FRCP 60(b)(1), relief from a judgment is afforded, if based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In this case, both Mrs. Wu and Mr. Xu confirm that the complaint was not received at their home address—the address which Desen designated with the New York Secretary of State for service of process—and moreover, that there have been historic difficulties with receipt of mail at the same address. *See* Wu Declaration ¶¶ 9-15; *see generally* Xu Declaration.

It is respectfully submitted that this motion has been made within a reasonable amount of time. Desen Inc. did retain the undersigned's law office within one month of entry of the default judgment, on or about February 17, 2025. Milch Affirmation ¶ 22. The remaining delay in presenting this motion is the fault of the undersigned, due to work overload. *Id*. ¶¶ 23-25.

2

What is reasonable is based on "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). Here, Desen Inc. retained counsel within one month of entry of the judgment. Even with counsel's further delay, this motion is made within four months of the default judgment. The judgment constitutes a final order. Some prejudice accrues to the plaintiff through its efforts and success in enforcing the judgment. Nonetheless, the undersigned counsel had entered his appearance in this matter on February 23, 2025 (CM/ECF Document 29), and did not withdraw as counsel, and so it was foreseeable that the within motion would eventually be made.

Finally, it is respectfully submitted that Desen Inc.'s default was not willful, and it is in the public interest that disputes be resolved on the merits, rather than on default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). And, as set forth hereinafter, Desen Inc. presents meritorious defenses to this action. *See New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005).

**II.     IT IS RESPECTFULLY SUBMITTED THAT THE TEMPORARY RESTRAINING ORDER IN THE ORDER TO SHOW CAUSE SHOULD BE GRANTED.**

The injunctive relief in the Order to Show Cause is warranted because Desen Inc. has established a meritorious defense, which is likely to succeed, upon the reopening of this case; Desen, Inc. will suffer irreparable harm if its assets are seized pursuant to the restraint of its bank account; whereas plaintiff only stands to lose its costs in enforcing a judgment which it earned on default, and finally, the interests of justice are served through a reopening of this case because then a decision will be reached on the merits. Therefore the four prongs of the test set forth in *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) are met.

### III. <u>DESEN INC.'S PROSPECTIVE DEFENSES AGAINST THIS ACTION</u>.

In Mrs. Wu's declaration, the key defense to this action is set forth, and that is, that the goods which correspond to the claimed balance were shipped in an untimely manner, contrary to the course of dealing between the two parties. Time was of the essence in the transactions between plaintiff and defendant, with both sides aware that Desen Inc. expected to receive the goods manufactured and shipped by plaintiff, Dongguan Cheng One Co., Ltd., within thirty days of the planned shipping date, or x-factory date. *See* Wu Declaration ¶ 27. As set forth at length by Mrs. Wu in her declaration, the goods, to which the alleged balance corresponds, were uniformly shipped late, thereby thwarting the business purposes of Desen Inc., and violating the course of dealing between the two parties. *See* Wu Declaration ¶¶ 21-38. Mrs. Wu cross-references the corresponding invoices (<u>Exhibit E</u>) and a spreadsheet tabulating the invoices and the corresponding progress of the shipments from departure from China, to arrival in the U.S. (<u>Exhibit F</u>). Accordingly, Desen Inc. may potentially recover damages, pursuant to NY UCC 2-714.

### IV. <u>ENFORCEMENT OF THE ORDER AND JUDGMENT SHOULD BE STAYED PENDING THE DECISION OF THE INSTANT MOTION</u>

Pending the hearing of this motion, defendant, Desen Inc., respectfully requests, as set forth in the Order to Show Cause, a stay of any enforcement of the judgment against Desen Inc. Given Desen Inc.'s excusable default and prospective defenses against this action, it is respectfully submitted that the requested stay is warranted.

[Balance of Page Left Intentionally Blank]

## CONCLUSION

**WHEREFORE,** defendant Desen Inc.**,** respectfully requests that this Court vacate the judgment entered on January 22, 2025, reinstate the proceedings of the instant action, accept defendant's proposed answer, and grant such other and further relief as to this Court shall seem just, equitable, and proper.

Dated: Flushing, New York
      May 12, 2025

                                                                               Aleksander B. Milch

**CIVIL ACTION NO. 1:24-cv-03388**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

**DONGGUAN CHENG ONE CO., LTD.,**

       **Plaintiff,**

    -against-

**DESEN INC.,**

       **Defendant.**

## MEMORANDUM OF LAW

Dated:  Flushing, New York
        May 12, 2025

                                                Aleksander B. Milch, Esq.

**THE KASEN AND LIU LAW FIRM, PLLC**
*Attorneys for Defendant*
136-33 37th Avenue, #9C
Flushing, New York 11354
Tel: (718) 337-8012 Fax: (718) 709-8850

**To:**
**MAZZOLA LINDSTROM, LLP,**
*Attorneys for Plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10018