IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x    Civil Action No.: 1:24-cv-03388-ER

Dongguan Cheng One Co., Ltd.,

                Plaintiff / Judgment Creditor,    **Affirmation in Support of OTSC**

     -against-

Desen Inc.,

               Defendant / Judgment Debtor.

-----------------------------------------------------------------x

Yangyang Wu,

             Contemnor.

-----------------------------------------------------------------x

I, Shan Chen, an attorney duly admitted to practice before the courts of the State of New York, affirm under penalty of perjury as follows:

1.      I am an attorney with the Mazzola Lindstrom, LLP law firm, counsel for plaintiff / judgment creditor Dongguan Cheng One Co., Ltd., and submit this affirmation in support of plaintiff's motion for the relief set forth in the accompanying order to show cause.

2.      On May 2, 2024, plaintiff filed this action for unpaid goods sold by plaintiff to defendant in the amount of $873,260, and a default judgment was eventually entered on January 22, 2025 for (a) $873,260 for the unpaid goods; and (b) for prejudgment interest at the statutory rate from the due dates of invoices, plus costs and disbursements of $519.79.

3.      In April 2025, plaintiff served an information subpoena and subpoena duces tecum (See DE 34-6) on defendant / judgment debtor, with mailings being addressed to defendant / judgment debtor and contemnor Yangyang Wu, principal of Desen Inc., via certified mail to three addresses in Manhattan and Queens, including defendant / judgment debtor's registered address and the home address of contemnor Yangyang Wu, at 99-03 43rd Avenue, Corona, New York 11368 (See DE 34-4; see also DE 31-2, sworn declaration of contemnor

1

Yangyang Wu testifying this address as both defendant's registered address and the contemnor's residence).

4.     Contemnor Yangyang Wu personally received and signed for the certified mailing of the information subpoena and subpoena duces tecum that was sent to defendant's Manhattan address. (See DE 34-4).

5.     The certified mailings sent to the Queens addresses were deliberately rejected. USPS tracking confirms that on April 4, 2025, notice was left to defendant and contemnor Yangyang Wu at defendant's registered address, which is also the home address of contemnor Yangyang Wu, but it was later returned to the plaintiff, and on April 5, 2025, notice was left to defendant and contemnor Yangyang Wu at the second Queens address, after which the mailing was also returned to the plaintiff (See DE 34-7).

6.     At the start of May 2025, plaintiff was able to restrain defendant's JPMorgan Chase and Citibank bank accounts (See DE 33 at 6). Defendant then apparently tried, but failed, to withdraw or transfer $1,736,865.53 out of a JPMorgan Chase account. (See DE 33 at 7). It is our understanding, however, that – though defendant tried to withdraw those funds from the account – the account actually only held about $10,000. Hopefully, the responses to the information subpoena will help to clarify where the $1.7 million is.

7.     On May 12, 2025, defendant filed motion to vacate default judgment. (See DE 31), which the plaintiff opposed. On June 5, 2025, the Court heard argument, and defense counsel Aleksander Milch requested time to attempt to settle the case, asking that the Court hold in abeyance for one week its issuance of an order on the motion. Plaintiff agreed, but suggested that the defendant be given more than one week, as one week would likely not be sufficient, and further suggested that the abeyance be on condition that defendant provide sworn responses to

the information subpoena within one week, i.e., by June 12th. Defendant agreed to that condition, advising that the responses would be provided within a week.

8.    The Court held the motion in abeyance on those terms, and directed that parties to inform the Court by June 26, 2025 whether they were able to reach a settlement.

9.    Plaintiff's counsel repeatedly contacted defense counsel both before and after the June 12, 2025 due date for responses to the information subpoena, to enquire as to the status of the responses, and defense counsel repeatedly promised responses to the information subpoena. None were ever provided.

10.    Plaintiff's good-faith efforts to resolve this matter without further court intervention were unsuccessful, and the parties reported that the case did not settle. (See DE 36 & DE 37), and so the Court decided the motion, denying Desen's motion to vacate the default judgment. (See DE 38).

11.    To date – and notwithstanding that the Court directed the defendant to respond to the information subpoena by June 12th – the defendant and its principal, the contemnor Yangyang Wu, remain defiant. They have not responded to the information subpoena, have not produced any documents, and have not made any payment towards the judgment.

***

WHEREFORE, it is respectfully requested that the relief set forth in the accompanying order to show cause be granted, and that this Court enter an order directing contemnor Yangyang Wu to appear in Court and explain why, as the principal of defendant, she has not complied with the information subpoena and subpoena duces tecum, why she should not be held in contempt, why she should be permitted only such time as the Court deems reasonable to purge her contempt, and why the Court should not grant such other and further relief as may be appropriate under the circumstances.

Dated: New York, New York
      December 19, 2025

      Respectfully submitted,

      MAZZOLA LINDSTROM, LLP

      _____
      Shan (Jessica) Chen
      Richard E. Lerner
      *Counsel for plaintiff Dongguan*
      *Cheng One Co., Ltd.*
      1350 Avenue of the Americas, 2nd Floor
      New York, New York 10019
      (d) 646-416-6280; 646-813-4345
      (m) 347-652-9046; 917-584-4864
      jessica@mazzolalindstrom.com
      richard@mazzolalindstrom.com