IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    Civil Action No.: 1:24-cv-03388-ER

Dongguan Cheng One Co., Ltd.,

                Plaintiff / Judgment Creditor,

   -against-

Desen Inc.,

             Defendant / Judgment Debtor.

-------------------------------------------------------------------x

Yangyang Wu,

           Contemnor.

-------------------------------------------------------------------x

**DECLARATION OF SHAN (JESSICA) CHEN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

I, Shan (Jessica) Chen, an attorney duly admitted to practice before the courts of the State of New York, affirm under penalty of perjury as follows:

1.      I am an attorney with the Mazzola Lindstrom, LLP law firm, counsel for plaintiff / judgment creditor Dongguan Cheng One Co., Ltd. ("Plaintiff"). I submit this declaration in support of Plaintiff's application for attorneys' fees and costs pursuant to the Court's February 3, 2026 Order finding Yangyang Wu in civil contempt.

2.      In its February 3, 2026 Order, the Court awarded Plaintiff its reasonable attorneys' fees and costs incurred in bringing the Order to Show Cause and directed Plaintiff to submit a fee application within fourteen days.

3.      This application seeks recovery of reasonable attorneys' fees and costs incurred in preparing and prosecuting the contempt proceedings that resulted in the Court's February 3, 2026 Order.

4.      Our firm's hourly rate, on a blended-billing basis (*i.e.*, the same rate for partners and associates) is $650. Our usual and customary rate for partners is $950 (partners) and $550 to $700 based upon level of experience.

1

5.      These rates are consistent with prevailing rates in the New York metropolitan area for attorneys of comparable experience handling federal litigation.

6.      Counsel expended a total of 22.10 hours in connection with the contempt proceedings.

7.      The work performed included reviewing defendant's noncompliance history, drafting the order to show cause, conducting legal research regarding civil contempt standards, preparing supporting affirmation and exhibits, coordinating service and filing, and related court communications.

8.      The time expended was reasonable and necessary to secure compliance with the Court's prior Orders.

9.      The billing for the work is as follows: ("JC" is Jessica Chan; "RL" is Richard Lerner.

| Date | Atty | Description | Hrs |
|---|---|---|---|
| 12/12/25 | JC | Draft affirmation in support of OTSC for order directing issuance of warrant against contemnors; forward same to R. Lerner for review. | 1.1 |
| 12/17/25 | JC | Attention to msgs from S.C. Zhou in WeChat group; correspondence on same and address inquiries re OTSC. | 0.5 |
| 12/19/25 | JC | In-firm correspondence with ML team re multiple issues in prep for drafting OSTC; review defendant's noncompliance history, review records of serve of information subpoena on the defendant and Y. Y. Wu on multiple addresses, proof of delivery / status of each address, and relevant documents on same in prep for drafting OSTC and relevant docs; start to draft OTSC and include both Y.Y. Wu and her husband. | 2 |
| 12/19/25 | JC | Continue to draft OTSC with both Y. Y. Wu and her husband included; review docs and draft affirmation in support of OTSC; conduct research on relevant rules; discuss with RL; took off Y. Y. Wu's husband; revise OTSC and affirmation in support of OTSC; phone calls and emails with RL; email Y. Y. Wu to test current validity of her email address; final review and touch up on OTSC and affirmation, e-file same at night; attention to court notice. | 5.1 |
| 12/19/25 | RL | Review and revise OTSC for contempt; instructions to J. Chen to e-file same. | 2.5 |
| 12/22/25 | JC | Attention to court notices re filing issues of OTSC and affirmation; re-file OTSC and affirmation as per court's rules; attention to court notices on e-filed docs. | 0.5 |

2

| 12/23/25 | JC | Attention to court notice re OTSC; review court order re OTSC. | 0.2 |
|---|---|---|---|
| 12/24/25 | JC | Instruct paralegal to calendar OTSC hearing and service on court order on defendant and condemner; emails with RL re same and communication with OC; email OC re waiver on personal service and acceptance of service via email; serve OC order re OTSC via email; serve Y. Y. Wu on court order re OTSC via email as per court's order. | 1 |
| 12/24/25 | RL | Attention to signed OTSC; instructions to J. Chen and paralegals re next steps. | 0.5 |
| 12/26/25 | JC | Attention to email from RL re service on debtor; keep abreast of status. | 0.1 |
| 12/26/25 | JC | Review email from opposing counsel re OTSC. | 0.1 |
| 12/26/25 | RL | Instructions to J. Chen and paralegal re OTSC. | 0.2 |
| 12/31/25 | JC | Review multiple inquires from client and Chinese counsel re OTSC; emails (3) with RL re communication with OC, OC's acceptance of service via email, service on judgment debtor, and court appearance. | 0.3 |
| 12/31/25 | JC | Address multiple inquiries from client and Chinese counsel in WeChat group, advise on upcoming court date, and potential consequences if debtor fails to show up in court hearing re OTSC. | 0.4 |
| 1/5/26 | JC | Attention to email from AC. | 0.1 |
| 1/20/6 | JC | Attention to court notice re filing by OC; review response to OTSC, affidavit, and exhibit filed by OC. | 0.3 |
| 1/26/26 | JC | Review court docket; review and analyze OC's response and exhibits re OTSC; draft certificate of service; review correspondence with OC and Yangyang Wu; prepare and edit exhibits; e-file certificate of service and multiple exhibits re OTSC. | 1.4 |
| 1/27/26 | JC | Prepare for OTSC court hearing and oral arguments; review various documents; develop strategies and requests; outline anticipated Q & A with judge; prepare replies to possible defenses; draft proposed order. | 3.2 |
| 1/27/26 | JC | Attend court hearing of OTSC for Contempt due to Failure to Comply with Information Subpoena and submit hard copy of proposed order; travel for same. | 2.6 |

10.     The total attorneys' fees incurred are $14,365, calculated by multiplying the reasonable hourly rates by the hours reasonably expended.

11.     Plaintiff does not seek reimbursement of costs.

12.     The total amount requested pursuant to the Court's February 3, 2026 order is $14,365.

13.     The fees requested were incurred solely as a result of Ms. Wu's willful noncompliance and were necessary to obtain the Court's contempt finding.

14. As of this filing, Ms. Wu has not complied with the Court's Order and has not purged her contempt.

15. Plaintiff respectfully submits that the requested amount is reasonable under the lodestar standard applied in this District.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that that the foregoing is true and correct.

Dated: New York, New York
February 15, 2026

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

_____

Shan (Jessica) Chen
Richard E. Lerner
*Counsel for Plaintiff /Judgment Creditor*
*Dongguan Cheng One Co., Ltd.*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280; 646-813-4345
(m) 347-652-9046; 917-584-4864
jessica@mazzolalindstrom.com
richard@mazzolalindstrom.com

4