MAZZOLA LINDSTROM LLP

Shan (Jessica) Chen
JESSICA@MAZZOLALINDSTROM.COM
646.216.8300 (MAIN)
646.416.6280 (DIRECT)

August 20, 2026

**VIA ECF**
**Honorable Edgardo Ramos**
**U.S. District Court for the**
**Southern District of New York**

**RE: Dongguan Cheng One Co., Ltd. adv. Desen Inc.; Civil Action No.: 1:24-cv-03388-ER**

Dear Honorable Judge Ramos,

Plaintiff Dongguan Cheng One Co., Ltd. ("Plaintiff") and Defendant Desen Inc. ("Defendant"), by and through their respective counsel, respectfully submit this Joint Status Report pursuant to the Court's July 20, 2026 Memo Endorsement (Dkt. 66).

In its July 20, 2026 Memo Endorsement, the Court directed the parties to submit a joint status update on August 20, 2026, and directed Defendant's principal, Yangyang Wu, to complete Defendant's production by that date.

Having received no further production or update from Defendant, Plaintiff followed up with defense counsel on August 17, 2026. Beginning at approximately 11:46 p.m. on August 19, 2026, and continuing throughout August 20, 2026, Plaintiff received multiple emails from defense counsel transmitting documents responsive to Plaintiff's post-judgment discovery requests.

Because Plaintiff received these documents only shortly before the deadline for this Joint Status Report, Plaintiff's counsel has not yet had sufficient time to complete a detailed review of the production. Defense counsel represents that approximately 420 pages of documents have been produced since the last hearing. Plaintiff's preliminary review, however, indicates that a substantial portion of the production is duplicative, including, for example, multiple copies of bank statements for the same account. Notwithstanding the volume of pages transmitted, Plaintiff's preliminary review indicates that significant responsive documents and information remain outstanding.

Plaintiff's Position

Specifically:

**1. Missing Records for Chase Account Ending in 0091.** Defendant produced various Chase statements for 2022 and 2023 for an account ending in 5119, which appears to be a Chase credit-card account. Defense counsel has now advised that Ms. Wu reports that the Chase account ending in 0091 has been closed. The fact that the account is closed, however, does not resolve Plaintiff's request for its historical bank statements and transaction records. Those records have not been produced. Defense counsel further advises that Ms. Wu may require significantly more time to obtain them.

**2. Missing October–December 2021 Bank Statements.** Defendant has not produced bank statements for the period from October 2021 through December 2021.

**3. Produced Bank Records Do Not Reflect the Payments to Plaintiff Identified in the Complaint.** The bank statements produced to date do not reflect the outgoing wire payments to Plaintiff identified in the Complaint. The Complaint identifies 34 wire payments totaling $1,127,957 and alleges that Defendant's bank deducted a $40 outgoing wire-transfer fee from each payment (See Dkt. 1 ¶¶ 9, 12–14). Plaintiff has not identified corresponding outgoing transactions in the bank statements produced to date, and Defendant has provided no explanation or documents identifying the account or accounts from which those payments were made.

**4. Produced Bank Records Cannot Be Reconciled With Defendant's Own Financial Statements.** The bank records produced to date also cannot be reconciled with Defendant's own financial statements included in its production. For example, Defendant's 2022 Profit and Loss Statement reports total income exceeding $5.4 million, total cost of goods sold exceeding $5.12 million, and gross profit of approximately $324,554.94. The bank accounts produced to date do not reflect financial activity commensurate with those reported figures. Defendant has not produced records identifying the account or accounts through which the corresponding operating revenues and expenditures flowed.

**5. Previously Identified Deficiencies Remain Unresolved.** Based on Plaintiff's preliminary review, the matters identified in Items 2 through 7 of the parties' July 17, 2026 Joint Status Report remain unresolved. These include, among other things, the relationship between Huson Inc. and Desen; documents concerning Desen's receivables and the companies that owe money to Desen; the disposition of the goods supplied by Plaintiff; the unexplained attempted withdrawal of more than $1.7 million, which the Court previously addressed in denying Defendant's motion to vacate the default judgment, finding that "Mrs. Wu and Mr. Xu attempted to withdraw approximately $1.7 million in funds from its bank account" (See Dkt. 38 at 8; see also Dkt. 31-11); and other requested information concerning Defendant's financial condition and disposition of its assets.

Defense counsel now advises that he has himself asked Ms. Wu about Huson Inc. and its

relationship, if any, with Desen, but has been unable to obtain a response addressing why Huson is registered as a separate company with the New York State Department of State. Defense counsel further states that he does not believe he will be able to obtain additional information from Ms. Wu concerning Desen's tax returns or its relationship, if any, with Huson Inc.

**6. Desen's Proposed Assignment of Receivables Does Not Resolve the Outstanding Discovery.** Defense counsel now advises that Desen believes that the only controlling documents concerning companies that owe it money are invoices, which have been produced, and that Desen is willing to assign those receivables to Plaintiff. Plaintiff is willing to consider any concrete assignment proposal. Any proposed assignment, however, does not resolve the outstanding discovery concerning, among other things, the identities and relationships of the debtors, the amounts owed, the basis and history of the debts, collection efforts, payments received, and the requested documents and information relating to those receivables.

Plaintiff further respectfully notes that the present deficiencies do not represent Defendant's or Ms. Wu's first failure to provide the required post-judgment discovery. Ms. Wu was previously held in civil contempt for failure to respond to Plaintiff's information subpoena and was thereafter afforded multiple additional opportunities and extensions to provide the required documents and information. Despite those opportunities, and despite the Court's July 20, 2026 direction that Ms. Wu complete production by August 20, 2026, the production received at the deadline remains materially incomplete.

Defense counsel's own statement below further confirms that counsel has reached an impasse with Ms. Wu concerning document production, that there has been a breakdown in communication concerning certain material issues, and that counsel has been unable to obtain responsive answers from Ms. Wu concerning matters directly relevant to Plaintiff's post-judgment discovery.

Accordingly, Plaintiff respectfully submits that Defendant and Ms. Wu have not fully complied with the Court's July 20, 2026 Memo Endorsement and Order. In light of the repeated opportunities and extensions previously afforded to Ms. Wu, the prior contempt proceedings, and the continued absence of key responsive documents and information, Plaintiff respectfully requests that the Court:

1. direct Defendant and Ms. Wu to complete all outstanding production and provide complete responses to the outstanding inquiries by a final date certain;

2. award Plaintiff its reasonable attorneys' fees and costs incurred as a result of the continued noncompliance, including the time and expense associated with repeated efforts to obtain the outstanding discovery and review of the belated production; and

3. impose such additional sanctions against Ms. Wu as the Court deems appropriate, or alternatively direct Ms. Wu to show cause why further sanctions should not be imposed, including appropriate coercive sanctions in the event of any further failure to comply.

Plaintiff further requests such other and further relief as the Court deems just and appropriate to ensure compliance with its post-judgment discovery Orders.

Defendant's Position

Defendant's counsel understands the important of compliance with the Court's Orders. He has reached an impasse with the principal of Desen Inc , Mrs. Wu, with respect to document production and there has been a breakdown in communication on certain issues. Defendant's counsel has also posed questions to Mrs. Wu regarding the status of Huson Inc. and the question of its relationship, if any, with Desen Inc., and has not been able to extract a response which addresses why it is registered as a separate company with the New York State Department of State. As to the bank account ending in 0091, Mrs. Wu has reported that it is closed. While defendant's counsel has indicated that there have been difficulties in his communications with Mrs. Wu regarding this account, he believes that she will need significantly more time to requisition the corresponding statements and information, if indeed, the account is closed. The only controlling documents which Desen Inc. appears to have had with the companies which owe it money are invoices, which have been produced. Desen Inc. has expressed its willingness to assign those debts to the plaintiff. In total, since the last hearing, Desen Inc. has produced about 420 pages of documents. Defendant's counsel reports that based on the status of his communications with Mrs. Wu, he does not believe that he will be able to extract further information regarding the composition of Desen Inc.'s tax returns (such as the existence of K-1 schedules) or the relationship, it has had, if any, with Huson Inc. Mrs. Wu maintains that the screenshot of the balance of bank account 0091 annexed at Dkt. 31-11 represents a restraint on the account imposed by plaintiff, and not the result of her attempt to withdraw funds therefrom.

Dated: August 20, 2026

Respectfully submitted,
MAZZOLA LINDSTROM, LLP

ShanChen

Shan (Jessica) Chen
*Counsel for Plaintiff*
THE KASEN AND LIU LAW FIRM, PLLC
/S/ Aleksander B. Milch
Aleksander B. Milch, Esq.
*Counsel for Defendant*